## *RICHARD HURLEY v. STATE OF OHIO.

**1. RETRIAL AFTER REVERSAL ON ERROR IS ON CHARGES IN THE INDICTMENT.**

Where, on the trial of a defendant, on an indictment charging him with murder in the first degree, the jury returned a verdict, finding him not guilty of murder in the first or second degree, but guilty of manslaughter only, and a judgment was entered upon such verdict, which was afterwards, on proceedings in error, instituted by the defendant, reversed for errors occurring at the trial, and the case was remanded to the trial court for further proceedings therein, it was not error for such court to try the defendant on the charge made in the indictment, and if the evidence warranted it, the defendant might properly be convicted of murder in the first or second degree, of which by the former finding of the jury he had been acquitted.

**2. NOLLE OF PART OF AN INDICTMENT.**

Where, after the jury was sworn on said second trial, a *nolle prosequi* was entered by the prosecuting attorney as to so much of said indictment as charged that the homicide was committed "with deliberate and premeditated malice," this did not operate to discharge the defendant from further prosecution for any other crime properly charged therein, as of murder in the second degree or manslaughter.

* This judgment was affirmed by the supreme court, without report, June 17, 1890.

3. No Error in Sending Special Charges Into Jury Room.

At the conclusion of the evidence in the case, the court immediately charged the jury —neither of the parties having requested that the charge be reduced to writing, and so far as the record shows, it was not done. At the conclusion of this general charge, the court at the request of the counsel for the defendant, gave to the jury certain written charges, which, at the instance of defendant's counsel, and over the objection of the prosecuting attorney, were allowed to be taken by the jury in their retirement, but soon thereafter were, by the order of the court, returned to the judge by the bailiff. But at the renewed request of the counsel for the defendant, and by the consent of the prosecuting attorney, they were again delivered to the jury. Held: That on this state of facts the court was not bound to send such written requests, so given, to the jury—but having done so, the subsequent action in regard thereto, was not erroneous or prejudicial to the defendant.

4. Form of Verdict for a Particular Crime may be Furnished to Jury.

A verdict, objectionable in form, need not be received by the court, and the jury may properly be requested to further consider the case, and instructed as to the form of the verdict, if they desire to find the defendant guilty of a particular crime charged in the indictment, and such form may be furnished to them, to be used if approved by them.

Error to the Court of Common Pleas of Hamilton county.

Smith, J.

First—The defendant claims that there was error on the part of the trial court, in causing him to be re-tried on the indictment, in so far as it charged him with the crimes of murder in the first and second degree, for the reason, that on a previous trial, had on the same indictment, he had been acquitted thereof by the verdict of the jury and found guilty of manslaughter only thereon, and judgment entered upon such verdict. Such was the fact in the case, as appears by the record —but it further appears, that this judgment of the court of common pleas, on a petition in error filed by defendant, was reversed by the supreme court, and the case remanded to the common pleas, for a new trial. We understand it to be conceded by the counsel for the plaintiff in error, that under the decisions of the Supreme Court, where a verdict against a defendant has been set aside by the trial court, or the judgment has been reversed on proceedings in error, in a case of this kind, where on a count of an indictment, charging three or more crimes, the defendant by the verdict has been acquitted of the higher offenses charged, and convicted of a lesser one, and the case remanded for a new trial, that this trial may be had on the indictment as it originally stood, and if the evidence warrants it, he may be convicted of a crime of which he was before acquitted. But this is claimed to be wrong, and we are asked to reverse it. This we could not properly do, even if we believed the Supreme Court was wrong, which we think is not the case. The doctrine is reasonable and right. The plea of the defendant that he was once in jeopardy, is not well founded, for the judgment for and against him, is set aside at his own instance, and he has no right to complain of that which he himself has brought about. See State v. Behimer, 20 O. S., 572; State v. Comrs., 18 O. S., 386, 390; Jarvis v. State, 19 O. S., 585.

Second—Objection is made, that after the jury was sworn, a *nolle prosequi* was entered by the prosecuting attorney as to so much of the indictment (which was for murder in the first degree), as charged that the homicide was committed with "deliberate and premeditated malice," and that this operated to discharge the defendant from further prosecution for any other offense charged in that count. After this *nolle* was entered, the indictment in due form charged the crime of murder in the second degree, and of course included therein the charge of manslaughter. That the action of the prosecuting attorney did not have the effect claimed, is conclusively settled by the decision in the Baker v. State, 12 O. S., 214.

Third—Did the trial court err in its action, as to the special instructions given to the jury at the request of the defendant? The facts shown by the bill of ex-

ceptions are these: At the conclusion of the evidence, the case was submitted without argument, and the court immediately charged the jury, neither of the parties having requested this charge to be reduced to writing, and there is nothing to show that it was. At the conclusion of this general charge, the court, at the request of the counsel for the defendant, gave to the jury a large number of written charges which had been prepared by him—and on his application these charges were, (over the objection of the prosecuting attorney), allowed to be taken by the jury in their retirement.

It then appears that the counsel for the defendant stated, (it may be presumed to the court), that the bailiff in charge of the jury, under instructions of the court, had gone to their room, and returned to the court those special instructions, and that he excepted. Whether this had been done, does not otherwise clearly appear. But the bill of exceptions further recites that the jury was then brought into court, and that the trial judge informed them that the special charges had been taken from their room, for the reason that all of the charges given to them had not been in writing, and that they should consider the whole charge, the general as well as those special ones. To this defendant's counsel excepted, and asked the court again to send his special charges to the jury. This the court first declined to do, but the prosecuting attorney having withdrawn his objections, the request of defendant's counsel was complied with.

On this state of fact, there having been no written general charge requested or given, the court (on the authority of Griffin v. State, 34 O. S., 299), was not bound to send to the jury room the written instructions given at the request of the defendant, at the conclusion of the general charge. But having done so, their temporary withdrawal and subsequent return to the jury were not matters of which he could complain of as erroneous.

Fourth—The jury having brought into court a verdict finding the defendant not guilty of murder in the first degree, (with which he was not charged by the indictment as it stood after the entry of the *nolle prosequi*), or of murder in the second degree, but finding him guilty of manslaughter only, the court, without receiving or entering the same as a verdict, in effect stated to the jury that he had directed them wholly to disregard the charge of murder in the first degree, and that if their verdict was that the defendant was guilty of manslaughter only, that it might be in the form then presented to the jury. That the court did not intend to interfere with the verdict to be rendered by the jury, but that it appeared that the verdict signed was not in the proper form, and that if that then given them expressed their conclusion, it could be signed and returned into court. The jury then returned to their room, and returned into court, with their verdict, finding the defendant not guilty of murder in the second degree, but guilty of manslaughter, which was received by the court and recorded, and the jury discharged.

We think that the legal effect of the two verdicts was the same, and that there was no necessity for this action. But if there was any defect in the form, merely, of the verdict first returned, we understand that the court has the right to decline to receive it, and require the jury to retire for further consideration, and without in any way interfering with their province as to what verdict they shall find, may properly instruct them as to its form, or submit to them one to be adopted if agreed upon—for instance, if they find the defendant guilty of manslaughter. This, we understand, was what was substantially done in this case, and we see no error in it to the prejudice of the defendant.

Fifth—Objection is made to the charge of the court as to the definitions of murder in the second degree, manslaughter, self-defense and reasonable doubt. No exception whatever was taken at the time to any part of the charge of the court. But if we were bound under the circumstances to examine as to this, we would be of the opinion that the claims now made are not well founded, and that the defendant was not prejudiced by the charges given.

Sixth—We see no reason whatever to interfere with the judgment on the

ground that the court erred in overruling the motion for a new trial, based on the ground that the verdict was against the weight of the evidence.

The judgment will therefore be affirmed.

Major C. H. Blackburn, for plaintiff in error.

D. T. Wright, Jr., Asst. Pros. Atty., for the State.